UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

P2B TRADING CO. INC., a New
Jersey corporation,

    Plaintiff,

v.

                              Case No. 3:26-cv-174-TJC-SJH

GOOGLE, LLC, a Delaware limited
liability company,

    Defendant.

## ORDER

    This is a trademark infringement case under the Lanham Act, 15 U.S.C. § 1114. It is before the Court on Defendant Google, LLC's Motion to Transfer Venue. (Doc. 29 at 13–19). Google argues that the case should be transferred to the U.S. District Court for the Northern District of California. (Id.). Plaintiff P2B Trading Co. disagrees and argues that the case should remain in this district. (Doc. 46 at 1–6).

## I.    BACKGROUND

    P2B is a consumer electronics company incorporated in New Jersey. (Doc. 1 at 3). Google is a Delaware limited liability company with its headquarters in California. (Id.). On January 29, 2026, P2B filed its complaint and motions for a temporary restraining order and preliminary injunction. (Docs. 1, 2). The

complaint alleges that forthcoming Google consumer electronic products, which will be equipped with Google's "Gemini" AI technology, infringe on P2B's senior rights in its "GEMINI" mark. (Doc. 1 at 1–3). [1] P2B sells its consumer electronics nationwide, including to a substantial market in Florida, both online and in brick-and-mortar stores. (Doc. 46 at 3–4). Google intends to sell its AI-equipped electronics nationwide, including in this district. (Doc. 1 at 3–4). Google is registered to do business in Florida, maintains a registered agent in Florida, and has at least one store in Florida. (Doc. 46 at 4).

On February 3, 2026, the Court denied P2B's request for a temporary restraining order. (Doc. 24). On March 20, 2026, after an extensive hearing on P2B's motion for preliminary injunction, the Court denied the motion and directed Google to answer P2B's complaint. (Doc. 57). The Court noted that Google's motion to transfer venue would be carried with the case. (Id.). The Court is now prepared to rule on Google's motion.

## II. DISCUSSION

The parties do not dispute that venue is appropriate in this district. Thus, Google's motion does not involve the propriety of venue under 28 U.S.C. § 1391,

---

[1] P2B's complaint contains five counts: two counts of federal trademark infringement (based on differing theories of liability), one count of federal unfair competition under 15 U.S.C. § 1125(a), one count of common law trademark infringement, and one count for the cancelation of Google's registered "GEMINI" trademark in connection with smartphones. (Doc. 1).

2

or whether a transfer is necessary under 28 U.S.C. § 1406. Rather, Google seeks to transfer this case to the Northern District of California under 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." District courts have broad discretion when ruling on motions to transfer brought under this statute. Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc., 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999) (citation omitted).

When deciding whether to transfer a case under § 1404(a), courts assess: (1) the threshold question of whether the case could have been filed in the proposed district; and (2) whether transfer would be for the convenience of the parties and witnesses and in the interest of justice. Nat'l Tr. Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co., 223 F. Supp. 3d 1236, 1241 (M.D. Fla. 2016) (citations omitted). The Eleventh Circuit has outlined several factors courts should consider at the second step:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

3

Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc., 761 F. Supp. 2d 1322, 1326 (M.D. Fla. 2010) (citing Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

"[T]he burden is on the movant to establish that the suggested forum is more convenient." Id. (quoting In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)). "'The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.'" Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. 1981)). "Only if the Plaintiff's choice is clearly outweighed by considerations of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action." Response Reward Sys., L.C. v. Meijer, Inc., 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002) (citation omitted).

**A. Sufficiency of the Proposed Venue**

"Unless each party consents to the transfer of the civil action, under Section 1404(a) the transferee court must have personal and subject matter jurisdiction and offer a proper venue." Delorenzo v. HP Enter. Servs., LLC, 79 F. Supp. 3d 1277, 1280 (M.D. Fla. 2015) (citation omitted). Google contends that the Northern District of California meets these requirements because "there is subject matter jurisdiction based on the federal claims," "venue is proper given Google's headquarters there" and "Google is amenable to process" there. (Doc.

4

29 at 14). It is unclear whether P2B would be amenable to process in the Northern District of California, but P2B does not dispute that the case could have been brought in that district. Thus, the court will assume, for the sake of the analysis, that Google has suggested an appropriate venue. See Nat'l Tr. Ins. Co., 223 F. Supp. 3d at 1242 ("Ordinarily the Court would independently verify that the proposed transferee court would have jurisdiction and offer a proper venue . . . However, because . . . the Court finds that [Defendant] has failed to carry its burden with respect to its transfer request, the Court will assume, arguendo, that this action could have been brought in [Defendant's proposed venue].").[2]

**B. Convenience and Fairness Factors**

The Court next considers the relevant factors to determine whether Google's suggested forum would be more convenient and transfer would serve the interests of justice.

1. The convenience of the parties; the relative means of the parties; and the weight accorded Plaintiff's choice of forum

---

[2] The Court notes, but does not specifically find, that Google's suggested forum likely also has personal jurisdiction over P2B, because the company sells its consumer electronics nationwide, including in California. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (holding that a forum state's exercise of personal jurisdiction over an out-of-state party is proper if that party has sufficient "minimum contacts" with the forum state); (Doc. 1 at 7).

5

Google contends that the Northern District of California is a more convenient venue for the parties because "[n]either party is headquartered in Florida." (Doc. 29 at 15). Google emphasizes that "Plaintiff is over 900 miles away from the Jacksonville courthouse, and Google more than twice that[,]" and states that transferring "creates convenience for one party, and does not substantially add inconvenience for the other, who chose to file a lawsuit in Florida despite its headquarters in New Jersey." (Id. at 15–16). Google contends that its size relative to P2B "does not favor denying transfer" because P2B "holds itself out as a global business, suggesting ample resources to litigate elsewhere." (Id. at 17–18).

In response, P2B explains that Florida is arguably its largest market, several of its principals reside in or spend substantial time in Florida, and P2B is the "best judge of its own convenience." (Doc. 46 at 3–4); see also Trinity Christian, 761 F. Supp. 2d at 1328 ("It seems anomalous to give any significant weight to the defendant's opinion of which district is more convenient for the plaintiff; the plaintiff seemingly would be the best judge of that."). P2B continues that transferring the case would "merely shift inconvenience" from Google to P2B, and that Google's resources "vastly exceed" those of P2B. (Doc. 46 at 4–5).

The Court agrees with P2B. Google has not shown that it would be more convenient for the parties to litigate this action in its proposed forum. Google is

6

a large company with adequate resources to defend a lawsuit in this district. P2B, while still a corporation, is a much smaller entity and would have to shoulder a larger proportionate burden if the case were transferred to California. And the Court must give Plaintiff's choice of forum due weight. Accordingly, these factors weigh heavily against transfer.

### 2. The convenience of the witnesses

The parties have not submitted a witness list, but have filed declarations from employees and licensees. Thus, the Court will focus its analysis on these identified witnesses.[3] Google contends that this factor favors transfer because Google employees who developed its products that feature Gemini AI "will be central to this case" as witnesses and are principally based in the Northern District of California. (Doc. 29 at 14–15). As P2B points out, however, the significance of this factor is "diminished when the witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party." Trinity Christian, 761 F. Supp. 2d at 1327 (citation omitted). And Google "identifies no witnesses outside its control." (Doc. 46 at 2). P2B emphasizes that its principals and licensees reside "on the East Coast,

---

[3] To the extent the parties state they will call unnamed individuals, such as consumers, the Court will disregard those assertions. See Laica-Bhoge v. Eli Lilly & Co., No. 6:14-cv-1286-CEM, 2015 WL 3919515, at *5 (M.D. Fla. June 25, 2015) ("[A] general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be, does not warrant transfer under § 1404(a).") (quotation modified).

7

including in Florida[.]" (Id. at 2–3). On balance, this factor weighs somewhat in favor of transfer, but will be given less weight since Google can compel the attendance of its employees at trial.

3. The location of relevant documents and the relative ease of access to sources of proof

"[T]he significance of this factor is reduced because technological advancements in electronic document imaging and retrieval minimize the burden of document production." Trinity Christian, 761 F. Supp. 2d at 1327 (citation omitted). Google argues that its relevant documents are in the Northern District of California, and that this favors transfer. However, because Google "identifies no specific evidence that would be burdensome to produce in this District[,]" (Doc. 46 at 3), the Court finds that this factor is neutral.

4. The locus of operative facts

"Typically, the locus of operative facts in intellectual property infringement cases is where the allegedly infringing product was designed, developed, and produced." Seal Shield, LLC v. Otter Prods., LLC, No. 6:13-cv-967-RBD-DAB, 2013 WL 6017330, at *3 (M.D. Fla. 2013). At the same time, "[t]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." Id. (quoting In re Acer Am. Corp., 626 F.3d 1252, 1256 (Fed. Cir. 2010)).

Google contends that the Northern District of California is the locus of operative facts "because it is where the teams involved in the Google Home Speaker, and other goods implicated by Plaintiff's Complaint, were primarily designed, developed, and produced." (Doc. 29 at 16). P2B responds that this trademark case "involves two national products, so nationwide evidence does not favor any forum." (Doc. 46 at 4–5). Because Google is correct that the locus of operative facts is where it created the allegedly infringing products, this factor favors transfer.

5. Trial efficiency and the interests of justice

Google suggests that these factors are neutral, because this district and the Northern District of California "have equal interests in enforcing trademark and unfair competition laws." (Doc. 29 at 19) (citing Seal Shield, 2013 WL 6017330, at *5). P2B contends that these factors do not favor transfer, because court statistics "reflect materially greater congestion and longer time to trial" in Google's proposed venue, and the community in this district has a legitimate interest in the dispute. (Doc. 46 at 6; 46-7 at 6) (comparing this district's median time to trial of 25.5 months to that of the Northern District of California, 38.9 months). P2B claims it will also have to find new local counsel in California, adding to the overall delay if the Court were to transfer the case. (Doc. 46 at 4). Thus, the respective districts' interests in adjudicating the case are equal,

9

making the interests of justice neutral, but considerations of trial efficiency militate against transfer.[4]

## III.   CONCLUSION

In its motion, Google underscores that P2B's counsel stated that the case could be brought "anywhere in the United States" and consumers in this district "are no more or less likely to be confused than in other districts." (Doc. 29 at 17) (citing transcript of February 3, 2026 status conference). This is not the revealing concession Google thinks it is. Just because the case could have been brought elsewhere, such as in the Northern District of California, does not mean it must be sent there.

On balance, the foregoing § 1404(a) factors weigh in P2B's favor, and the Court sees no other reason why convenience or justice require this case to be transferred. Google has not carried its burden of showing that P2B's choice of forum is "clearly outweighed" by other considerations. See Robinson v.

---

[4] The parties agree that the forum's familiarity with governing law is neutral because the case arises under federal law. (Docs. 29 at 18; 46 at 6). P2B's common law trademark infringement claim does not push this factor in either direction because the analysis of Florida common law and Lanham Act trademark infringement are the same, and the California court can interpret and apply Florida law. See PetMed Express, Inc. v. MedPets.Com, Inc., 336 F. Supp. 2d 1213, 1218 (S.D. Fla. 2004) (citing, inter alia, Gift of Learning Found., Inc. v. TGC, Inc., 329 F.3d 792, 802 (11th Cir. 2003)); Seal Shield, 2013 WL 6017330, at *5.

Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. 1981)). Accordingly, it is hereby

**ORDERED:**

1. Defendant Google, LLC's Motion to Transfer Venue (Doc. 29) is **DENIED**.

2. A Case Management and Scheduling Order (CMSO) will enter separately.

**DONE AND ORDERED** in Jacksonville, Florida this 22nd day of April, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record

11