UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

P2B TRADING CO. INC.,

           Plaintiff,

v.                                        CASE NO. 3:26-cv-174-TJC-SJH

GOOGLE, LLC,

           Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on the parties' Joint Motion for Stipulated Protective Order, Doc. 66, and Joint Motion for Stipulated Order Regarding Discovery of Electronically Stored Information, Doc. 67 (together, "Motions"). The Motions respectively seek entry of a Stipulated Protective Order ("Protective Order"), Doc. 66-1, and a Stipulated Order Re: Discovery of Electronically Stored Information ("ESI Order"), Doc. 67-1. The Motions are due to be denied without prejudice.

The Motions—which collectively contain only passing references to Federal Rules of Civil Procedure 26 and 34 but do not contain any memorandum of law as required by Local Rule 3.01(b)—fail "to establish, by citation to legal authority or otherwise, that the Court's entry of the proposed orders is necessary or appropriate, particularly in light of the parties' agreement to the procedures set forth therein." *See Orlando Health, Inc. v. HKS Architects, Inc.*, No. 6:24-cv-693-JA-LHP, 2024 WL 4025379, at *1 (M.D. Fla. Sept. 3, 2024) (denying consent motions for protective order

and electronically stored information ("ESI") protocol). Absent authority "demonstrating that entry of the [Protective Order or ESI Order] by the Court, rather than private agreement amongst the parties, is proper," the Motions are due to be denied. *See id.*; *see also FL Distribucion S.A. de C.V. v. Sony Interactive Ent. Am. Trading LLC*, No. 23-mc-80177-PHK, 2023 WL 6541861, at *10 (N.D. Cal. Oct. 6, 2023) ("[T]he Parties may at their option resolve and agree on an ESI protocol by private agreement without need for a Court Order."); *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 6:17-cv-920-Orl-37DCI, 2018 WL 1918262, at *3 (M.D. Fla. Jan. 17, 2018) (explaining that "the Court did not, and does not as a general matter, enter blanket confidentiality orders requested by parties"). Otherwise, if a dispute arises regarding the stipulated agreements, the parties may, after appropriate conferral, seek enforcement through a properly supported motion and memorandum of law. *See Orlando Health*, 2024 WL 4025379, at *1.[1]

The Court will deny the Motions without prejudice. If the parties continue to seek relief from the Court, stipulated or otherwise, they must file renewed motion(s)

---

[1] The proposed Protective Order includes a provision briefly mentioning Federal Rule of Evidence 502 ("Rule 502"). Doc. 66-1 at 22. However, the Motions do not mention Rule 502 or justify any corresponding relief. *See* Local Rule 3.01(b). If the parties intend to seek a non-waiver order pursuant to Rule 502(d), they must expressly so state in any renewed motion, must better explain and properly support the basis for any such request, and must make any necessary edits to their stipulated proposals. To be sure, Rule 502(d) orders are often entered on request. *See Proxicom Wireless, LLC v. Target Corp.*, No. 6:19-cv-1886-Orl-37LRH, 2020 WL 1671326, at *1 (M.D. Fla. Mar. 25, 2020). But a Rule 502(d) order remains discretionary. *See United States v. DaVita, Inc.*, No. 6:17-cv-1592-Orl-37GJK, 2020 WL 12813697, at *1-2 (M.D. Fla. Aug. 4, 2020) ("The Motion lacks a sufficient factual predicate to persuade the court to exercise its discretion to issue a 502(d) order. Should the request be renewed, any factual allegations regarding whether such an order is warranted shall be supported by affidavit, affirmation, or otherwise verified.").

and memoranda of law in accordance with the instructions herein. Alternatively, as discussed, the parties are free to stipulate and enter into private agreements without order of the Court. Such agreements may be enforced between the parties, provided they are consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and this Court's Local Rules, including this Court's Local Rule on sealing. *See* Local Rule 1.11. To that end, "the parties may reach their own agreement regarding the designation of materials as 'confidential.' There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order." *In re Engle Cases*, No. 3:09-cv-10000-J-32JBT, 2011 WL 13142139, at *2 (M.D. Fla. Aug. 25, 2011); *see also TMH Med. Servs.*, 2018 WL 1918262, at *3.[2]

Accordingly, the Motions, Docs. 66 and 67, are **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on July 16, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

---

[2] Indeed, though the parties request orders from the Court, they appear to treat (and sometimes refer to) their proposals as what they are—agreements—even contemplating that they may alter the requirements of any ensuing stipulated orders from the Court among themselves. *See* Doc. 66-1 at 22; Doc. 67-1 at 9–10.