UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

P2B TRADING CO. INC.,

Plaintiff,

v. CASE NO. 3:26-cv-174-TJC-SJH

GOOGLE, LLC,

Defendant.
_______________________________/

**ORDER**

**THIS CAUSE** is before the Court on Defendant's motion to seal ("Motion"), Doc. 98, and Plaintiff's memorandum in support thereof ("Memorandum"), Doc. 106.

On September 18, 2026, Defendant publicly filed a supplemental memorandum ("Supplement") addressing certain remaining issues with respect to the then-pending motions to compel discovery. Doc. 97. The Motion seeks to file under seal three supporting exhibits (containing excerpts from an expert report and two agreements) referenced in the Supplement. Doc. 98. The proposed items to be sealed ("Sealed Materials"), Docs. 98-1–98-3, are attached to the Motion, which is unopposed, Doc. 98 at 5; Doc. 106 at 8. The Court has since held a hearing on the underlying discovery disputes ("Hearing"), with the issues to which the Sealed Materials pertain addressed and resolved. Docs. 102, 103, 105.

"While the public has 'a common-law right to inspect and copy judicial records and public documents,' materials filed with discovery motions are not subject to the

common law right of access" and are instead evaluated under the ordinary good-cause standard of Fed. R. Civ. P. 26(c). *Entrust Datacard Corp. v. Zeiser GmbH*, No. 3:17-cv-110-J-39MCR, 2019 WL 12522657, at *2 (M.D. Fla. Feb. 15, 2019) (internal citations omitted); *see also Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310, 1312 (11th Cir. 2001). As such, the Sealed Materials are not in this context subject to the common law right of access. *See Chicago Trib. Co.*, 263 F.3d at 1312; *Entrust Datacard Corp.*, 2019 WL 12522657, at *2. In addition, the Sealed Materials, while relevant to a discovery dispute, served a narrow purpose. They were filed in connection with the Supplement and were generally relevant not for their specifics but rather their existence (that is, the terms of the agreements and expert report were less relevant than the existence of the agreements and fact that they were cited by the expert)—which relevance and existence was discussed on the record at the Hearing and in the public briefing (including in the Supplement and the Memorandum).

Upon review, given the narrow purpose of the Sealed Materials at this time and the inapplicability of the common law right of access to the Sealed Materials at this time, and upon consideration of the Memorandum and the lack of opposition, the Court finds good cause for sealing. *See Entrust Datacard Corp.*, 2019 WL 12522657, at *2.[1]

Accordingly, it is **ordered** that the Motion, Doc. 98, as supplemented by the Memorandum, Doc. 106, is **granted** to the extent that, unless otherwise ordered by

[1] Nothing herein addresses whether sealing would be proper if the Sealed Materials, or any similar materials, were filed in a different context or for a different purpose.

the Court, docket entries 98-1 through 98-3 shall remain sealed.

**DONE AND ORDERED** in Jacksonville, Florida on October 7, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record